Patrick M. Flatley
United States Bankruptcy Judge

Dated: Thursday, April 09, 2015 12:09:52 PM

# IN THE UNITED STATED BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NANCY A. COUCH, | ) | Case No. 14-bk -06 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| PASCALE MERALDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 14-ap-12 |
| | ) | |
| NANCY A. COUCH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **MEMORANDUM OPINION**

Nancy A. Couch (the "Defendant" or "Debtor") seeks summary judgment on the amended complaint against her filed by Pascale Meraldi (the "Plaintiff") based upon the Plaintiff's alleged failure to state a cause of action upon which the court can grant relief. By her complaint, which seeks relief under §§ 523 and 727(a)(4)(A) of the Bankruptcy Code, the Plaintiff asks the court to determine that her claim against the Defendant is nondischargeable and to deny the Defendant a discharge based upon allegations that she overstated the amount of claims against her in conjunction with her case under Chapter 7 of the Bankruptcy Code. The Plaintiff asserts that the allegations of her amended complaint, together with the evidence supporting her opposition to summary judgment, preclude the court's entry of summary judgment for the Defendant.

1

For the reasons stated herein, the court will grant the Defendant's Motion for Summary Judgment.

## I. BACKGROUND

On January 3, 2014, the Defendant filed her voluntary petition under Chapter 7 of the Bankruptcy Code. On her Schedule A, she listed her interest in her residence located at 5132 Central Ave., Great Cacapon, WV 25422, which she values at $35,000. On her Schedule B, she listed her interest in various articles of personal property. Notably, the Defendant claims as wholly exempt on her Schedule C her interest in the equity in her residence and her articles of personal property. On Schedule D, the Defendant identified two debts secured by her residence: one payable to "CNB" and one payable to "Wells Fargo." On Schedule F, the Defendant identified various unsecured debts, including the obligation to the Plaintiff, to whom she asserts she owes $80,000.

On February 6, 2014, the Chapter 7 trustee appointed to administer the Defendant's bankruptcy case conducted a meeting of creditors as prescribed by § 341 of the Bankruptcy Code. On February 10, 2014, the trustee declared the bankruptcy case to be a "no-asset" case, and on April 3, 2014, the Plaintiff filed her complaint against the Defendant *pro se* alleging that she misidentified the debts on her Schedule D as being owed by her and overstated the amount of the Plaintiff's claim, among others. On May 5, 2014, the Plaintiff amended her complaint specifically citing §§ 523 and 727(a)(4)(A).[1]

## II. DISCUSSION

The Defendant asserts that she is entitled to summary judgment because the Plaintiff fails to assert a cause of action upon which the court can grant relief. Specifically, the Defendant argues that the misconduct alleged by the Plaintiff, even if true, does not entitle the Plaintiff to relief on her cause of action under §727(a)(4)(A).

Federal Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

---

[1] Although the Plaintiff alleges a cause of action under both § 523 and § 727(a)(4)(A), the court will only substantively address her allegations under § 727(a)(4)(A) because her amended complaint is devoid of any factual allegations giving rise to a cause of action under § 523(a), which excepts from discharge certain debts arising from circumstances not alleged in the Plaintiff's complaint.

2

a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Bankruptcy Code provides that the court shall grant a discharge under Chapter 7 unless, among other things, the debtor knowingly and fraudulently made a false oath that is material to the bankruptcy estate. 11 U.S.C. § 727(a)(4)(A). The purpose of § 727(a)(4)(A) is to enforce a debtor's duty to provide reliable information to those with an interest in the administration of the bankruptcy estate. *See In re Stout*, 348 B.R. 61, 64 (Bankr. N.D.W. Va. 2006) (citation omitted). "The bankruptcy code favors discharge, and the exceptions to discharge are narrowly construed." *Id.* (citing *Wilson v. Key*, No. 97-1408, 1997 WL 770529, at *1 (4th Cir. 1997)(unpublished)). To deny a debtor discharge under this section, a plaintiff "must prove by a preponderance of the evidence that: 1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement materially related to the bankruptcy case." *Sheehan v. Stout (In re Stout)*, 348 B.R. 61, 64 (Bankr. N.D.W. Va. 2006) (citing *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 251-52 (4th Cir. 1987)). "A false statement relates to a material matter when it concerns the existence and disposition of the debtor's property." *Thanco Prods. & Imps., Inc., v. Kontos (In re Kontos)*, Adversary No. 12-6073, 2014 WL 176571, at *8 (Bankr. M.D.N.C. Jan. 13, 2014) (citing *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 251-52 (4th Cir. 1987)).

Here, the Defendant's allegedly false statements regarding the amount of certain claims against her bankruptcy estate are not material because they do not relate to "the existence and disposition" of her property. Specifically, the Chapter 7 trustee administering the Debtor's bankruptcy estate conducted a meeting of creditors as prescribed by § 341 of the Bankruptcy Code and subsequently declared that the estate did not contain assets available for liquidation and distribution to creditors. The trustee's conclusion in that regard is supported by the Debtor's Schedules B and C, which reflect that the Debtor claimed as exempt her interest in all of the property of the bankruptcy estate such that no property was available for the trustee's administration. Had the bankruptcy estate been comprised of unexempt property, or if the Plaintiff alleged that the Defendant hid property of the estate, the Defendant's omissions in that

3

regard would be material. But because the Debtor wholly exempted all of the estate's property such that there was nothing available for creditors in the case, it is immaterial whether she misstated the number and amount of claims against her bankruptcy estate.

By no means is the court condoning the alleged misstatements of the Debtor.[2] The demonstrated inaccuracies, whether due to inattention to detail or more sinister purposes, are disturbing and frustrating to the court and interested parties such as the Plaintiff. However, as noted, they simply are not material or, in other words, consequential to the administration of the Debtor's bankruptcy case.

### III. CONCLUSION

Based upon the foregoing, and consistent with Fed. R. Bankr. P. 9021, the court will enter a separate order granting summary judgment to the Defendant.

---

[2] It is not necessary to the court's disposition of the Motion for Summary Judgment to decide whether the Debtor's alleged statements were false and made with fraudulent intent because, as a matter of law, the statements lack materiality even if so tainted.